Cox Padmore Skolnik & Shakarchy LLP
Noah Potter (NP 9160)
630 Third Avenue, 19th Floor
New York, NY 10017
Tel: (212) 953-6633
Fax: (212) 949-6943
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILSHIRE LIMITED,

                Plaintiff,

- against -

PIL WHAN LEE and SOON OK LEE,

                Defendants.
------------------------------------------------------------x

Case No.

ECF Case

**COMPLAINT**

Plaintiff Wilshire Limited ("**Plaintiff**"), by its attorneys, Cox Padmore Skolnik & Shakarchy LLP, for its complaint against defendants Pil Whan Lee and Soon Ok Lee (collectively the "**Defendants**"), alleges the following:

### THE PARTIES

1.      At all times mentioned herein, Plaintiff was and is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 57 Fifth Avenue, New York, New York.

2.      Upon information and belief, at all times mentioned herein, defendant Pil Whan Lee was and still is domiciled in and a citizen of the State of New Jersey and an owner and officer of Pilly, Inc. ("**Pilly**") and controlled the management and affairs of Pilly and personally benefitted from the acts described herein.

3. Upon information and belief, at all times mentioned herein, defendant Soon Ok Lee was and still is domiciled in and a citizen of the State of New Jersey and an owner and officer of Pilly and controlled the management and affairs of Pilly and personally benefitted from the acts described herein.

4. Upon information and belief, at all times mentioned herein, Defendants owned and still own 100% of the stock of Pilly.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff on the one hand and the Defendants on the other.

6. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

8. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "7" with the same force and effect as if fully set forth herein.

9. Plaintiff is the owner of the building and parcel of real property located at 59 Fifth Avenue, New York, New York.

10. Plaintiff, as landlord, and Pilly, as tenant, entered into a written lease agreement dated February 21, 2006 (the "**Lease**") for the ground floor store and basement at 59 Fifth Avenue, New York, New York (the "**Premises**"). Pilly let the Premises for a term of ten years

commencing on March 1, 2006 (the "**Commencement Date**"), to operate a food market, deli, and restaurant.

11. Pursuant to the Lease, Pilly agreed, inter alia, to pay to Plaintiff base rent during the first year of the term of the Lease in the amount of $30,000 per month and base rent during the second year of the term of the Lease in the amount of $31,200 per month (all amounts of rent due monthly collectively "**Base Rent**").

12. In order to induce Plaintiff to enter into the Lease with Pilly, on or about February 21, 2006, the Defendants executed a Limited Good Guy Guaranty of Lease (the "**Guaranty**") by which they agreed, jointly and severally, to guarantee to plaintiff payment of all Base Rent and additional rent under the Lease and the performance by Pilly of all covenants, conditions and provisions of the Lease, for the full term thereof. A true copy of the Guaranty is annexed hereto as **Exhibit A**.

13. Pursuant to the Guaranty, the Defendants, jointly and severally, agreed to pay, on demand, all Base Rent, additional rent and other charges, costs and expenses which may be payable by Pilly under the Lease ("**Additional Rent**"), and to perform all of the terms, covenants and conditions to be performed by Pilly under the Lease.

14. The Guaranty executed by the Defendants is an absolute, continuing and unlimited guaranty by its terms.

## FIRST COUNT

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs. "1" through "14" with the same force and effect as if fully set forth herein.

16. Beginning in or about August of 2006, Pilly failed to pay in full the Base Rent and Additional Rent.

17. Plaintiff commenced a non-payment action against Pilly in the Civil Court of City of New York.

18. On or about July 28, 2007, a New York City Marshal evicted Pilly from the Premises.

19. Pilly failed to deliver the agreed-upon written acknowledgment form evidencing its surrender of the Premises.

20. From August 1, 2006 through July 1, 2007, the amounts of Base Rent and Additional Rent which Pilly failed to pay under the Lease total $341,400.

21. The failure of Pilly to pay the Base Rent and Additional Rent is a default under the Lease.

22. Pursuant to the terms of the Guaranty, the Defendants, jointly and severally, are liable to Plaintiff for all damages incurred as result of Pilly's breach of the Lease and their liability continues to accrue.

23. Pursuant to the terms of the Lease and the Guaranty, the Defendants jointly and severally are liable to Plaintiff for the deficiency between (a) the Base Rent reserved to be paid by Pilly to Plaintiff and (b) the net rent collected, if any, for the Premises in each month during the balance of Pilly's lease term.

24. As a result of the breach of the Lease by Pilly, Plaintiff is entitled to recover from the Defendants under the Guaranty the sum of $528,600 ("**Performance Damages**"), consisting of (a) Base Rent in the amount per month of $30,000 from August 1, 2006 through and including February 28, 2007, (b) Base Rent in the amount per month of $31,200 from March 1, 2007 through and including July 31, 2007, less partial rent payments in April and May 2007 in the total

amount of $35,500, (c) Additional Rent in the amount of $1,905, and (e) Base Rent in the amount of $31,200 from August 1, 2007, through January 31, 2008.

25.     The Defendants have failed and refused to pay the monies due as a result of Pilly's breach of the Lease.

26.     As a result of foregoing, Plaintiff has been damaged in an amount to be determined at trial, but in no event less than $528,600.00.

**SECOND COUNT**

27.     Plaintiff repeats and realleges each every allegation contained in paragraphs "1" through "26" above, as if fully set forth herein.

28.     Pursuant to Article 18 of the Lease and the Guaranty, the Defendants are responsible for payment of all legal fees and expenses incurred by plaintiff in connection with Pilly's default and the re-letting of the Premises, including attorneys' fees, brokerage fees, the costs for advertising and for keeping the Premises in good order or for preparing the Premises for re-letting.

29.     Plaintiff has incurred and will incur attorneys' fees and expenses that are Pilly's responsibility under the Lease.

30.     Plaintiff reserves its right to amend the Complaint against the Defendants to make claim for all damages incurred through the date of entry of judgment which are as a result of Pilly's breach of the Lease.

31.     As a result of Pilly's conduct, Plaintiff has been damaged in an additional amount above the Performance Damages to be determined at trial, but in no event less than $75,000.

WHEREFORE, plaintiff Wilshire Limited demands judgment against the defendants as follows:

(A) on the First Count against defendants Pil Whan Lee and Soon Ok Lee for all amounts due under the Lease in an amount to be determined at trial, but in no event less than $528,600.00;

(B) on the Second Count for reasonable counsel fees, costs and disbursements, the expenses incurred in reletting of the Premises in an amount to be determined at trial, but in no event less than $75,000.00; and

(C) for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
August 19, 2008

                                            Cox Padmore Skolnik & Shakarchy LLP

                                            By: _____
                                                Noah Potter, Esq. (NP 9160)
                                          Attorneys for Plaintiff
                                          630 Third Avenue, 19th Fl.
                                          New York, NY 10017
                                          (212) 953-6633
                                          potter@cpsslaw.com

Exhibit A

Case 1:08-cv-07418-DC    Document 1    Filed 08/21/2008    Page 7 of 15

## LIMITED GOOD GUY GUARANTY OF LEASE

This Limited Good Guy Guaranty of Lease ("Guaranty") is made as of the 21st day of February, by PIL WHAN LEE and SOON OK LEE, both having an address at 75 Mavus Road, Old Tappan, New Jersey 07675 (collectively "Guarantor"), and in favor of WILSHIRE LTD., a New York corporation having an address 57 Fifth Avenue New York, NY 10003 ("Landlord").

### WITNESSETH:

WHEREAS, PILLY INC. (as "Tenant") is entering into that certain lease between Landlord and Tenant dated of even date herewith ("Lease"), for premises ("Demised Premises") located in the building known as 59 Fifth Avenue, New York, New York ;

WHEREAS, in order to consummate this Lease, Guarantor has agreed to execute and deliver this Guaranty, and by this Guaranty to guarantee Tenant's compliance with and performance of all of Tenant's obligations set forth in the Lease;

WHEREAS, Guarantor represents and warrants to Landlord that Guarantor owns 100% of the stock of Tenant;

WHEREAS, as a specific and material inducement to Landlord to enter into the Lease with Tenant, Guarantor has agreed to execute and deliver this Guaranty, and by this Guaranty to guarantee Tenant's compliance with and performance of all of Tenant's obligations set forth in the Lease.

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby conclusively acknowledged, and in order to induce Landlord to enter into the Lease, Guarantor hereby covenants and agrees as follows:

1. Guarantor guarantees, absolutely and unconditionally, to Landlord (a) the full and prompt performance of all terms, covenants, conditions and agreements to be performed and observed by Tenant under the Lease any and all amendments, modifications and other instruments relating thereto, whether now or hereafter existing, through and including the Surrender Date (as hereinafter defined), and (b) the full and prompt payment of (i) all Rent (as defined in the Lease), and other charges, costs and expenses which shall at any time be payable by Tenant under the Lease and any and all amendments, modifications and other instruments relating thereto, whether now or hereafter existing through and including the Surrender Date, and any and all use and occupancy charges during any period of time Tenant is occupying the Premises as a holdover tenant after the expiration or earlier

1

termination of the term of the Lease, (ii) all damages incurred by reason of such holding over after the expiration or earlier termination of the Lease, including, without limitation, costs and expenses, damages arising out of lost opportunities and/or new leases by Landlord to re-let the Premises (or any part thereof) and (iii) all damages incurred by reason of Tenant's failure to pay for work performed and/or material supplied at or to the Building, including, without limitation, costs and expenses, the failure to remove any mechanic's liens filed against the Building (hereinafter collectively called the "Accrued Liabilities of Tenant'). As used herein, the term "Surrender Date" shall mean any date after March 1, 2009 and the date that Tenant shall have performed all of the following: (x) vacated and surrendered the Premises to Landlord free of all subleases, licensees or other occupants, broom clean and otherwise in the condition required for the surrender of the Premises at the end of the Term as set forth in the Lease and paid all Rent, (as defined in the Lease) and other charges up to and including the Surrender Date, except that the Surrender Date shall be tolled for so long as Legal Requirements (as defined in the Lease) for the Building have not been complied with by Tenant in full, (y) delivered the keys to the Premises to Landlord or its managing agent and (z) executed and delivered to Landlord a valid, legally binding and fully enforceable acknowledgment in the form annexed hereto as Schedule "1", with such changes as Landlord may reasonably require to ensure that such acknowledgment is valid, legally binding and fully enforceable.

2. Guarantor agrees that, with or without notice or demand, Guarantor will reimburse Landlord, to the extent that such reimbursement is not made by Tenant, for all expenses (including reasonable attorneys' fees and disbursements) incurred by Landlord in connection with (a) any default by Tenant under the Lease and (b) the enforcement or attempted enforcement of this Guaranty.

3. All moneys available to Landlord for application in payment or reduction of the Accrued Liabilities of Tenant may be applied by Landlord, in such manner and in such amounts and at such time or times as Landlord may see fit, to the payment or reduction of such of the Accrued Liabilities of Tenant as Landlord may elect.

4. This Guaranty shall be a continuing guaranty, and the liability of the Guarantor hereunder shall in no way be affected, modified or diminished by reason that any security for the Accrued Liabilities of Tenant is exchanged, surrendered or released or the Lease or any other obligation of Tenant is changed, altered, renewed, extended, continued, surrendered, compromised, waived or released in whole or in part, or that any default with respect thereto is waived, whether or not notice thereof is given to Guarantor, and it is understood and agreed that Landlord may fail to set off and may release, in whole or in part, any credit on its books in

favor of Tenant, and may extend further credit in any manner whatsoever to Tenant, and generally deal with Tenant or any such security as Landlord may see fit; and Guarantor shall remain bound under this Guaranty notwithstanding any such exchange, surrender, release, change, alteration, renewal, extension, continuance, compromise, waiver, inaction, extension of further credit or other dealing.

5. If the Lease shall be renewed, or its term extended, for any period beyond the date specified in the Lease for the expiration of said term (whether pursuant to option, or by law, or by agreement or otherwise), or if additional space shall be included in, or substituted for all or any part of, the premises demised by the Lease (whether pursuant to option, or by law, or by agreement or otherwise), or if the Lease be modified by agreement between Landlord and Tenant in any other similar or dissimilar respect, the obligations hereunder of Guarantor shall extend and apply with respect such renewal of the Lease or extension of its term and/or with respect to any such additional space, or which under any supplemental indenture or new lease or modification agreement, entered into for the purpose of expressing or confirming any such renewal, extension, inclusion, substitution or modification, are to be kept, performed and observed by Tenant.

6. Guarantor hereby expressly waives (a) notice of acceptance of this Guaranty; (b) presentment and demand for payment of any of the Accrued Liabilities of Tenant; (c) protest and notice of dishonor or default to Guarantor or to any other party with respect to any of the Accrued Liabilities of Tenant; (d) all other notices to which Guarantor might otherwise be entitled; and (e) any demand for payment under this Guaranty; and Guarantor hereby expressly agrees that the validity of this Guaranty and the obligations of Guarantor hereunder shall not be terminated, affected, or impaired by reason of the assertion or the failure to assert by Landlord against Tenant, or Tenant's successors and assigns, of any of the rights or remedies reserved to Landlord pursuant to provisions of the Lease.

7. This is an absolute and unconditional guaranty of payment and not of collection and Guarantor further waives any right to require that any action be brought against Tenant or any other person or entity or to require that resort be had to any security or to any balance of any deposit account or credit on the books of Landlord in favor of Tenant or any other person or entity. Successive recoveries may be had hereunder. No invalidity, irregularity or unenforceability of all or any part of the Lease shall affect, impair or be a defense to this Guaranty and this Guaranty shall constitute a primary obligation of the undersigned.

8. Notwithstanding any payments made by Guarantor hereunder, Guarantor shall not be subrogated to any of the rights of Landlord against Tenant for any

payment, nor shall Guarantor seek any reimbursement from Tenant in respect of payments made by Guarantor hereunder until all of the amounts due or becoming due to Landlord under the Lease have been paid.

9. Each reference herein to Landlord shall be deemed to include its successors and assigns, in whose favor the provisions of this Guaranty shall also inure. Each reference herein to Guarantor shall be deemed to include the heirs, distributees, executors, administrators, legal representatives, successors and assigns of Guarantor, all of whom shall be bound by the provisions of this Guaranty.

10. No delay on the part of Landlord in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor or of the right of Landlord to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this Guaranty nor any termination hereof be effective unless in writing signed by Landlord, nor shall any waiver be applicable except in the specific instance for which given.

11. Guarantor further agrees that if Tenant becomes insolvent or shall be adjudicated a bankrupt or shall file for reorganization or similar relief or if such petition is filed by creditors of Tenant under any future Federal or State law, Guarantor's obligations hereunder may nevertheless be enforced against Guarantor. The termination of the Lease pursuant to the exercise of any rights of a trustee or receiver in any of the foregoing proceedings, shall not affect the Guarantor's obligations hereunder or create in Guarantor any set-off against such obligation. Neither Guarantor's obligation under this Guaranty nor any remedy for enforcement thereof, shall be impaired, modified or limited in any manner whatsoever by any impairment, modification, waiver of discharge resulting from the operation of any present or future provision under the Federal Bankruptcy Act or any other statute or decision of any court. Guarantor further agrees that its liability under this Guaranty shall be primary and that in any right of action which may accrue to Landlord under the Lease, Landlord may, at its option, proceed against Guarantor or Tenant, without having commenced any action against or having obtained any judgment against Tenant or Guarantor.

12. This Guaranty is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of New York and shall be in all respects governed, construed, applied and enforced in accordance with the laws of such State; and no defense given or allowed by the laws of any other State or Country shall be interposed in any action or proceeding hereon unless such defense is also

given or allowed by the laws of the State of New York.

13. All notices, demands or other communications (collectively, "Notices") desired or required to be given under this Guaranty shall be in writing, and, any law or statute to the contrary notwithstanding, shall be effective for any purpose if sent by registered mail, return receipt requested, prepaid, addressed as set forth above or by recognized courier service. All Notices shall be deemed given or served on the date such Notice is received or receipt is refused. Either Guarantor or Landlord may change the address to which Notices shall be delivered by notice in accordance with this Paragraph.

14. Guarantor hereby consents to Landlord conducting a credit check against Guarantor from time to time as Landlord deems necessary or advisable.

15. This Guaranty may be executed in one or more counterparts, each of which counterparts shall be an original.

16. All of Landlord's rights and remedies under the Lease or under this Guaranty are intended to be distinct, separate and cumulative and no such right and remedy therein or herein mentioned is intended to be in exclusion of or a waiver of any of the others.

17. As a further inducement to Landlord to accept the Lease and in consideration thereof, Landlord and Guarantor covenant and agree that in any action or proceeding brought on, under or by virtue of this Guaranty, Landlord and the Guarantor shall and do hereby waive trial by jury.

IN WITNESS WHEREOF, Guarantor has duly executed this Guaranty as of the 21st day of February, 2006.

GUARANTOR:

Name: _____
PIL WHAN LEE
Social Security # 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

Name: _____
SOON OK LEE
Social Security # 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

STATE OF NEW YORK   )
COUNTY OF NEW YORK ) ss:


On this __21__ day of February, 2006, before me personally came PIL WHAN LEE, having an address at 75 Mavus Road, Old Tappan, New Jersey 07675 , to me known to be the individual described in and who executed the foregoing instrument and acknowledged that he executed the same.

_____
Notary Public

ROBERT PAUL RICH
Notary Public, State of New York
No. 02RI4746994
Qualified in Kings County
Commission Expires  4/30/07


STATE OF NEW YORK   )
COUNTY OF NEW YORK ) ss:


On this __21__ day of February, 2006, before me personally came SOON OK LEE, having an address at 75 Mavus Road, Old Tappan, New Jersey 07675 , to me known to be the individual described in and who executed the foregoing instrument and acknowledged that he executed the same.

_____
Notary Public

ROBERT PAUL RICH
Notary Public, State of New York
No. 02RI4746994
Qualified in Kings County
Commission Expires  4/30/07

## SCHEDULE "1"

## [TENANT'S LETTERHEAD]

[Insert Date]

BY HAND
AND VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
**[Insert Current Landlord's Name and Address for Notices]**

RE:   (1) Lease dated as of January __, 2006 now between WILSHIRE LTD. ("Landlord") and PILLY INC. ("Tenant'), for a portion of the ground floor and basement in the building known as 59 Fifth Avenue, New York, New York (the "Premises") (as same may have been amended from time to time, the "Lease")

(2) Guaranty dated as of February __, 2006 (the "Guaranty") made by PIL WHAN LEE and SOON OK LEE (the "Guarantor")

Dear Sir or Madam:

Tenant hereby acknowledges, confirms and agrees that Tenant has, on or prior to the date hereof, (a) vacated and surrendered the Premises to Landlord free of all occupants, (b) removed all of Tenant's personal property from the Premises and delivered the Premises broom clean and otherwise in the condition required for the surrender of the Premises at the end of the term as set forth in the Lease, (c) paid all Rent, additional rent and other charges due under the Lease up to and including the date hereof, and (d) delivered the keys to the Premises to Landlord or its managing agent.

Tenant represents and warrants to Landlord that (i) Tenant has not conferred upon any person or entity the right to use or occupy the Premises, and (ii) Tenant has not encumbered the Premises by assignment, sublease or otherwise.

Any property remaining in the Premises following the date hereof shall be deemed abandoned by Tenant and may be disposed of by Landlord at Tenant's sole cost and expense in any manner whatsoever and Landlord shall not bear any liability for any such disposal.

Tenant further acknowledges, confirms and agrees that effective as of the date hereof, Tenant shall no longer have any right whatsoever to use or occupy the Premises and Landlord, without incurring any obligation to do so, may use the Premises or lease them to others.

The giving of this document to Landlord does not affect or diminish any liability of

Tenant to Landlord or any rights that Landlord may have against Tenant under the Lease (including, without limitation, Articles 17 and 18 thereof).

The individual executing this document on behalf of Tenant hereby personally warrants and represents that this document has been duly authorized, executed and delivered to Landlord by Tenant and constitutes a legal, valid, binding and enforceable obligation of Tenant.

Very truly yours,

_____, Tenant